1
2
3
4
5

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ALBIZU, | ) 1: 02-CV-05875-AWI-SMS |
| | ) |
| Plaintiff, | ) ORDER GRANTING MOTION OF HENRY D. |
| | ) NUNEZ TO WITHDRAW AS COUNSEL FOR |
| v. | ) DEFENDANTS WESLEY A. AMUNDSON AND |
| | ) AMUNDSON & ASSOCIATES (DOCS. 120- |
| | ) 122) |
| CLYDE A. STROHL, et al., | ) |
| | ) ORDER DIRECTING THE CLERK TO |
| Defendants. | ) UPDATE THE DOCKET TO REFLECT |
| | ) DEFENDANT WESLEY E. AMUNDSON'S |
| | ) AND AMUNDSON & ASSOCIATE'S PRO SE |
| | STATUS, ADDRESS, AND TELEPHONE |
| | NUMBER |
| | |
| | **ORDER NOTIFYING THE PARTIES OF SETTING HEARING ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. 87) AGAINST DEFENDANTS AMUNDSON FOR OCTOBER 14, 2005, AT 9:30 A.M., COURTROOM 4** |
| | |
| | ORDER SETTING BRIEFING SCHEDULE ON MOTION FOR DEFAULT JUDGMENT |
| | |
| | Plaintiff's Supplemental Brief: Due September 9, 2005; |
| | Defendants' Brief: September 23, 2005; |
| | Plaintiff's Reply Brief: October 7, 2005 |

Plaintiff is proceeding with a civil action in this Court.

1

1 The matter has been referred to the Magistrate Judge pursuant to
2 28 U.S.C. § 636(b) and Local Rules 72-302(c)(1) and 72-303.
3     The motion of Henry D. Nunez to withdraw as attorney of
4 record for Defendants Wesley A. Amundson and Amundson &
5 Associates (Defendants Amundson) came on regularly for hearing on
6 August 22, 2005, at 9:30 a.m. in Courtroom 4 before the Honorable
7 Sandra M. Snyder, United States Magistrate Judge. Stephen Paul
8 Drobny appeared on behalf of Plaintiff; Henry D. Nunez appeared
9 telephonically on behalf of Defendants. Mr. Nunez represented
10 that he would file with the Court a substitution of attorneys
11 form that had been signed by Mr. Amundson. After argument the
12 matter was submitted to the Court.
13     I. <u>Background</u>
14     Plaintiff is proceeding with an action for damages against
15 Defendants Amundson. Henry D. Nunez, counsel for Defendants
16 Amundson, filed his motion and notice of motion to withdraw as
17 attorney of record, including a supporting memorandum and
18 declaration, on July 27, 2005; a proof of service recites that
19 the motion was served on Plaintiff and Defendant Amundson;
20 Defendant Amundson was served at an address that Mr. Nunez stated
21 in a declaration made under penalty of perjury was Defendants'
22 last known address; further, Nunez contacted Defendants by
23 telephone.
24     The grounds of the motion are a conflict of interest. (Decl.
25 at 2.)
26     II. <u>Analysis</u>
27     Local Rule 83-182(d) provides that an attorney who has
28 appeared may not withdraw leaving the client in propria persona

2

without leave of Court upon noticed motion and notice to the client and all other parties who have appeared. Further, it requires that the attorney provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Here, the required notification has been established. It further appears from the representations of counsel at the hearing that there was no opposition to the motion.

Local Rule 83-182 further states that withdrawal of the attorney is governed by the Rules of Professional Conduct of the State Bar of California, and that the attorney shall conform to the requirements of those Rules. Rule 3-700(C)(2) of the Rules of Professional Conduct permits withdrawal if the continued employment is likely to result in a violation of the rules or of the State Bar Act. Rule 3-700(B) requires withdrawal if the member knows or should know that continued employment will result in violation of the rules or of the State Bar Act. Rule 3-310 prohibits representation except under stated circumstances of more than one client in a matter in which the interests of the clients potentially or actually conflict.

Good cause having been shown, and in view of the lack of opposition to the motion, the motion of Henry D. Nunez to withdraw as counsel for Defendants Wesley A. Amundson and Amundson & Associates IS GRANTED.[1]

II. <u>Updating the Docket</u>

Because the withdrawal of counsel results in Defendants

---

[1] The motion is granted without regard to Defendant Amundson's having executed a form consenting to the substitution of himself for Mr. Nunez.

3

Amundson's proceeding pro se in this action, the Clerk of Court IS DIRECTED TO UPDATE the docket to reflect the pro se status of Defendants Wesley A. Amundson and Amundson & Associates; the last known address is 7030 Monza Place, Alta Loma, California 91701; the telephone is (909) 941-1000.

The Clerk SHALL NOTE that Mr. Nunez continues to serve as counsel for Defendants Clyde A. Strohl and Strohl's Financial Services.

III. Hearing on Plaintiff's Motion for Default Judgment

Plaintiff's motion for default judgment, filed on January 7, 2005, IS SET FOR HEARING on Friday, October 14, 2005, at 9:30 a.m. in the Courtroom of the undersigned Magistrate Judge, Courtroom number 4.

IV. Briefing Schedule

Plaintiffs SHALL FILE no later than September 9, 2005, a supplemental brief, containing points and authorities and analysis, addressing whether or not it is appropriate to enter default judgment against one defendant in a fraud action under the circumstances present in the instant case when the action remains pending against another defendant who is subject to a stipulated stay by virtue of the pendency of criminal proceedings, or whether the possibility of inconsistent judgments or other considerations of fairness render the entry of default judgment inappropriate. See Fed. R. Civ. P. 54(b); Frow v. La Vega, 15 Wall. 552, 554-55 (1872); In re First T.D. & Investment, Inc., 253 F.3d 520, 532 (9th Cir. 2001); Shanghai Automation Instrument Co. Ltd. v. Kuei, 194 F.Supp.2d 995, 1005-10 (N.D.Cal. 2001).

4

1    The Court acknowledges that the scope of a defaulting
2 defendant's participation in a motion for default judgment is
3 quite limited. A default judgment generally bars the defaulting
4 party from disputing the facts alleged in the complaint because
5 averments in a pleading to which a responsive pleading is
6 required, other than those as to the amount of damage, are
7 admitted when not denied in the responsive pleading. Fed. R. Civ.
8 P. 8(d); Fed. R. Civ. P. 55(b) (authorizing a hearing to
9 determine the amount of damages, to establish the truth of any
10 averment by evidence, or to investigate any other matter); Alan
11 Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th
12 Cir. 1988). A party's default does not admit the legal
13 sufficiency of the allegations of the pleadings, however; the
14 sufficiency of the allegations of the complaint, read as a whole
15 with a view towards the liberal system of notice pleading
16 provided for by Rule 8, must be considered. Black v. Lane, 22
17 F.3d 1395, 1407 (7th Cir. 1994); Danning v. Lavine, 572 F.2d 1386,
18 1388-89 (9th Cir. 1978).[2]  The Court is bound to consider whether
19 the plaintiff's well pleaded allegations of fact are sufficient
20 to state a claim for relief. See Weft, Inc. v. G.C. Investment
21 Associates, 630 F.Supp. 1138, 1143 (D.C.N.C. 1986). Further,
22 notice is required, and a hearing on the amount of unliquidated
23 or certain damages may be required. See Davis v. Fendler, 650
24 F.2d 1154, 1161-62 (9th Cir. 1981) (finding the right to hearing
25 waived where after notice the defendant expressed no objection to

---

[2] Although liability is not established merely by the default, if the Court does desire to hold a hearing to establish facts concerning liability, notice must be given to Plaintiff in advance to that Plaintiff has an opportunity to present evidence. Pacheco v. Rolon Morales, 953 F.2d 15 (1st Cir. 1992)

5

the evidence of damages).

The Court by way of this order gives notice to Defendants Amundson of the hearing on the motion for default judgment and the setting of damages as well as the opportunity to brief any matters within the scope of appropriate participation by Defendants. The Court notes that it has already received the input of Defendants Amundson submitted by former counsel Henry Nunez on March 18 and 21, 2005 (Docs. 92, 95, 96), constituting opposition to the motion for default judgment. The remainder of the documents submitted by Mr. Nunez on behalf of Defendants Amundson related to the motion to set aside the default, which has been denied. In view of the resetting of the motion for default judgment and the withdrawal of Defendants' counsel, an opportunity for further submissions is appropriate. Accordingly, any input by Defendants MAY BE FILED no later than September 23, 2005.

Plaintiff may file any reply no later than October 7, 2005.

IT IS SO ORDERED.

**Dated:   August 23, 2005**                    /s/ Sandra M. Snyder
icido3                                  UNITED STATES MAGISTRATE JUDGE